*G. C. Lockhart, for appellants.*

---

R. W. KNOTT v. G. P. B. JOHNSTON ET AL.

[Abstract Kentucky Law Reporter, Vol. 3—330.]

**Acknowledgment of Deed by a Married Woman.**
> The law does not allow the acknowledgment of a deed by a married woman to be simultaneous with the acknowledgment by the husband.

**Description in a Deed.**
> A description in a deed is sufficient when it is definite enough to enable the officer to indentify the lot without reference to any other paper. It is not necessary that it be so minute as to enable a person without any previous knowledge or inquiry whatever to find and recognize it.

APPEAL FROM LOUISVILLE CHANCERY COURT.

October 18, 1881.

OPINION BY JUDGE LEWIS:

The property purchased by appellant is described in the judgment as "a lot of ground and improvements thereon having a

front on the north side of Broadway street in the city of Louisville, between Third and Fourth streets, of 38 feet, and extending northwardly from Broadway the same width 180 feet, being the eastern part of the lot of ground conveyed by John F. Gray and Mary P. Gray, his wife, to G. P. B. Johnston, and the same conveyed by said Johnston to James Harrison as trustee."

The description in the judgment is certain and definite enough to enable the officer to identify the lot without reference to any other paper, and that is all that is required. It is not necessary, even if practicable, that the description shall be so minute and vivid as to enable the officer without any previous knowledge or inquiry whatever to find and recognize it.

The law does not permit the acknowledgment of a deed by a feme covert to be simultaneous with the acknowledgment by the husband, and the deed having been signed by both Gray and his wife, it was not material which of them first acknowledged it before the clerk. It is sufficient to pass the title of both if they signed and acknowledged the deed in the manner and at the time appearing from the copy made a part of the record.

The mortgagee, Graham, has filed her answer and set up her debt, stating the amount, and asserted her lien, and it is substantially provided in the judgment that the debt is to be first paid. It is impossible to see how appellant can be prejudiced by paying the purchase-price of the property subject to the order of court, when the court has in effect already adjudged the encumbrance must be removed from the land before any part of it is paid to appellees.

Wherefore the judgment is *affirmed*.

*Ward & McAffee, for appellant.*

*Harrison & McGrain, for appellees.*

[Cited, *Thompson v. Brownlie*, 25 Ky. L. 622, 76 S. W. 172.]